IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v. : | CRIMINAL NO. 05-266-02 (ESH) |
| : | |
| NORA DAVTYAN, : | |
| : | |
| Defendant. : | |

GOVERNMENT'S MEMORANDUM AND PROFFER
IN SUPPORT OF PRETRIAL DETENTION

The United States of America, through its attorney, the United States Attorney for the District of Columbia, respectfully asks this Court to order the continued pretrial detention of the defendant. In support of this motion, the United States submits this Memorandum and Proffer in Support of Pretrial Detention, in addition to representations to be made to the Court at any detention hearing to be held in this matter.

PROCEDURAL BACKGROUND

On July 25, 2005, the defendant Nora Davtyan was arrested in the Central District of California, on a warrant issued in this district upon an eight-count indictment returned here on July 20, 2005, charging her with conspiracy to commit bribery and visa fraud and to defraud the United States, and with substantive counts of bribery and visa fraud. At her initial appearance in the Central District of California, on July 26, 2005, the defendant waived an identity hearing and was ordered held without bond, as a flight risk, pending transfer to this district. On August 9, 2005, the defendant appeared in the District of Columbia before United States Magistrate Judge Alan Kay, who because no interpreter was available continued the matter to August 11, 2005, for arraignment and a detention hearing. The government orally informed the Court that it would be seeking the defendant's continued pretrial detention, and hereby sets for the basis for that request.

APPLICABLE LAW

The Bail Reform Act of 1984 allows a federal court to detain a defendant pending trial if the government demonstrates at an adversary hearing that no release conditions "will reasonably assure the appearance of the person as required and the safety of any other person and the community . . . in a case that involves . . . a crime of violence [or] . . . a serious risk that such person will flee". 18 U.S.C. §§1342(f)(1)(A) and (2)(A). See United States v. Salerno, 481 U.S. 739, 741 (1987).

This defendant having been charged by an Indictment, the government in this case is permitted to proceed in such a detention hearing by way of proffer and is not required to call witnesses. United States v. Smith, 79 F.3d 1208, 1210 (D.C. Cir. 1996) ("Every circuit to have considered the matter, has . . . permitted the Government to proceed by way of proffer."). See also United States v. Gaviria, 828 F.2d 667, 669 (11th Cir. 1987) ("in light of the legislative history and the relevant case law relating to the Bail Reform Act of 1984" the lower court did not err in permitting the government to proceed by way of proffer at the pretrial detention hearing); United States v. Martir, 782 F.2d 1141, 1145 (2d Cir. 1986); United States v. Winsor, 785 F.2d 755, 756 (9th Cir. 1986); United States v. Acevedo-Ramos, 755 F.2d 203, 206-08 (1st Cir. 1985). Before 1984, the government regularly proceeded by way of proffer under the District of Columbia bail statute – which was the bail statute that served as the procedural model for the Bail Reform Act. 782 F.2d at 1145; see United States v. Edwards, 430 A.2d 1321, 1338 (App. D.C. 1981)(*en banc*), cert. denied 455 U.S. 1022 (1982). The Edwards court held that "the information presented to the judicial officer by either the government or the defense may be by proffer." 430 A.2d. at 1334. The court further stated:

2

> The legislative history of the statute confirms Congress' intent that the information upon which the judicial officer makes his [or her] findings need not be sworn testimony, and the hearing is not designed to afford defendants a discovery device. Thus, in providing that the finding of substantial probability is to be based upon information presented by 'proffer or otherwise,' the House report anticipates 'that, as is the present practice under the Bail Reform Act, . . . the use of sworn testimony will be the exception and not the rule . . . .' [B]ail hearings under the Bail Reform Act, which frequently result in detention of the accused, proceed primarily by way of proffers.

430 A.2d at 1334 (citation omitted).

At a detention hearing, the United States is not required to "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it will use." United States v. Martir, 782 F.2d 1141, 1145 (2d Cir. 1986). "The defendant may not use a pretrial detention hearing as a trial on the underlying indictment or as a method for getting discovery from potential witnesses . . . . Nor may the defendant require the government to divulge its confidential sources in such a proceeding." United States v. Williams, 798 F. Supp. 34, 36 (D.D.C. 1992) (Sporkin, J.). If there is any examination, federal courts have limited that examination to the disputed issues, since the detention hearing should neither be turned into a mini-trial nor used as a subterfuge to obtain discovery. See, e.g., United States v. Suppa, 799 F.2d 115, 120 (3rd Cir. 1986).

FACTUAL BASIS FOR DETENTION

In order that the Court may have sufficient information to reach a detention determination, the government submits this written factual proffer prior to the detention hearing.

**The defendant entered the United States on a fraudulently-obtained visa, and her authorization to enter and remain in the United States here has expired.**

Nora Davtyan is a 47-year-old, unmarried Armenian national. As described in the indictment pending against her, in April 2004 she paid a bribe to a United States Consular

3

Officer in order to obtain a non-immigrant visa despite the fact that she had previously been refused a visa on grounds that she was an intending immigrant and was unable to demonstrate otherwise.  Using this fraudulently-obtained visa, Nora Davtyan entered the United States on June 30, 2004 and has remained here even though her authorization to stay expired on December 29, 2004.  She is therefore out of immigration status and subject to removal.  A United States Immigration and Customs Enforcement (ICE) detainer has been lodged against her.  The government submits that under these circumstances the defendant, if released under any conditions, would have strong incentive to flee within the United States so as to evade contact with authorities.

**The defendant has scant ties to the United States, and none at all to the District of Columbia.**

After arriving in the United States on her fraudulently-acquired visa, Nora Davtyan resided until recently in a predominantly-Armenian neighborhood in Los Angeles, California, with her sister Gayane Davtyan – who is also her indicted co-defendant in the visa fraud and bribery scheme – and her sister's boyfriend.  Gayane Davtyan is a Lawful Permanent Resident of the United States, but her boyfriend is an Armenian national illegally in this country, and they live in a rented apartment.  Gayane Davtyan in a day-care worker.  According to the boyfriend, a number of weeks ago the two sisters had a dispute and Nora Davtyan moved out.  At the time of her arrest, Nora Davtyan was occupying a rented room in a private house in the Los Angeles area.  She has no work authorization, and no legitimate means of financial support.   Her ability to obtain employment – even if she had authorization to do so – is limited by her lack of fluency in English.  She is present in the District of Columbia solely for the purpose of answering the criminal charges against her, and has no known associations or ties whatsoever to this District.

4

In short, the government submits that the Court can find no basis for finding that Nora Davtyan has any ties to this or any other United States community that would dissuade her from fleeing if released under any conditions.

**The strength of the government's case, and the substantial potential penalties the defendant faces, give her strong incentive to flee.**

The indictment returned by the grand jury in this case sets forth in some detail the defendant's leading role in the conspiracy with which she and her codefendants have been charged. Much of the evidence against the her is in the form of documents executed by the defendant herself and her visa-applicant "clients", as well as records showing substantial sums transmitted by her to her associate in Yerevan, Armenia, to be forwarded as bribe payments to the United States Consular Officer. Moreover, it is a matter of public record that the Consular Officer, Piotr Zdzislaw Parlej, was indicted and arrested in this district for engaging in the very same conspiracy with which Nora Davtyan and her codefendants have now been charged, and that Parlej entered into a cooperation agreement with the government and pled guilty to his role in the scheme. Other witnesses are likewise prepared to testify about their direct knowledge of Nora Davtyan's role in recruiting "clients" willing to pay bribes to obtain, or have family members obtain, United States visas in Yerevan. There also exist recorded conversations between two coconspirators discussing the illegal scheme and, in particular, Nora Davtyan's part in it.

The conspiracy charge in the indictment carries a potential penalty of up to five years in prison; each of the four substantive bribery charges carries a potential penalty of fifteen years in prison, and each of the three substantive visa fraud charges carries a potential penalty of up to ten years in prison. Each count also carries a potential fine of up to $250,000. Thus, the defendant's stakes for remaining to stand trial and face conviction are high, indeed.

**The defendant has the knowledge and means
to flee and remain out of the Court's reach.**

Although having very limited command of English, the defendant is a reasonably educated and enterprising mature woman fluent in at least Russian and Armenian and experienced with international travel. Her passport shows that in recent years he has traveled around the environs of Armenia, particularly to Turkey. Moreover, airline travel records seized in connection with the defendant's arrest show that while in the United States she has traveled on more than one occasion to Michigan. Although the government has possession of the Armenian passport on which she entered the United States, it is not known what other identity and travel documents she has access to, given her continued illegal presence in the United State and her extensive recent involvement in immigration fraud.

Finally, it is particularly notable that if the defendant were to leave the United States, there are no ready or certain ways to get her back to face the charges against her. This is particularly so if she were to make her way back to her native Armenia, because there exists no extradition treaty between the United States and Armenia, and it is unreasonable to expect the government to be willing to assume the tremendous logistical burden of undertaking an operation to procure the defendant's presence from abroad through other means.

In short, the defendant has virtually no ties that would impel her to remain in the community if released; moreover, the strength of the case against this defendant, and the high potential penalty it bears, give the defendant abundant incentive to avoid conviction by fleeing, 18 U.S.C. §3142(f)(2)(A), and, once having fled the country, she would be extremely difficult, if not impossible, to bring back before the Court to stand trial in this case.

CONCLUSION

The government hereby proffers to this Court that the indictment and the facts stated above, taken all together, fully support the pretrial detention of this defendant pursuant to 18 U.S.C. §3142(f)(2)(A).

WHEREFORE, for the foregoing reasons, the United States respectfully requests that the defendant be ordered detained pretrial pursuant to 18 U.S.C. §3142(f)(2)(A).

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
D.C. Bar Number 451058

By:
Laura A. Ingersoll
Assistant United States Attorney
Connecticut Bar No. 306759
202/514-9549
laura.ingersoll@usdoj.gov

Brenda J. Johnson
Assistant United States Attorney
D.C. Bar No. 370737
202/353-4154
Brenda.Johnson@usdoj.gov

Transnational and Major Crimes Section
555 4th Street, N.W. – 11th Floor
Washington, D.C.  20530

**Certification**

      I hereby certify that a copy of the foregoing was served by fax (202/269-0969) upon, and sent by United States Mail, postage prepaid to, counsel for the defendant:

      Cary Clennon, Esq.
      905 Varnum Street, N.E.
      Washington, D.C. 20017

this 11th day of August, 2005.

                                                                                                                       _____
                                                                                                                Assistant United States Attorney