UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DORA DAVTYAN,<br><br>　　　　　　　Defendant. | Criminal No. 05-266-02 (ESH)(AK) |

**DETENTION MEMORANDUM**

The Defendant, Dora Davtyan has been charged in a criminal indictment with bribery and visa fraud, and conspiracy to commit the same, in violation of 18 U.S.C. §§ 201(b)(1), 1546 and 371. A detention hearing was held on August 16, 2005. At the conclusion of the hearing, the Court found that the Defendant should be held without bond. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

**Discussion**

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.* (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the

safety of any other person and the community, such judicial officer shall order the detention of the [Defendant] before trial." 18 U.S.C. § 3142(e).

Where, as here, the offense pending against the Defendant is not a crime of violence and the government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of Defendant as required, it has the burden of establishing by a preponderance of the evidence that the defendant will flee before trial if released. *United States v. Vortis*, 785 F.2d 327, 328-29 (D.C. Cir. 1986). The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance." *United States v. Westbrook*, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

The Defendant is charged with entering the United States on a fraudulently obtained tourist visa, a visa she allegedly acquired by bribing a United States Consular Officer. As part of the alleged conspiracy, Defendant was responsible for soliciting additional "business" for the Consular Officer to whom she forwarded bribe payments in exchange for visas. Although the government retains possession of Defendant's Armenian passport, given the nature of the charges, it is likely that Defendant has access to other travel documents. The Defendant also has the sophistication necessary to set up international travel arrangements. She is fluent in Russian and Armenian and has traveled throughout the region surrounding Armenia, particularly Turkey, in the past few years.

Defendant's own fraudulently obtained visa having expired, she is currently without lawful status in the U.S. As a result, the Immigration and Customs Enforcement Agency has lodged a detainer upon this Defendant. Therefore, were this Court to release her in this case, she would likely remain in custody.

Considering the pending criminal charges and the corresponding risk of deportation,

- 3 -

Defendant has a strong incentive to flee the country. Moreover, Defendant, an Armenian national, has limited ties to the United States that could otherwise assure the Court of her intent to remain. She has no work authorization and no legitimate means of financial support. Her only relative in the U.S., a sister in Los Angeles, California, is a co-defendant in the same alleged conspiracy. Should Defendant flee to her home country of Armenia, it would be nearly impossible to secure her return because the United States does not currently have an extradition treaty with Armenia.

## **Conclusion**

Based upon consideration of all the evidence and the factors set forth in § 3142(g), this Court concludes by a preponderance of the evidence that no condition or combination of conditions can be imposed to reasonably assure compliance by the Defendant, including the Defendant's appearance at future court proceedings. Therefore, the government's motion for pretrial detention is granted.

Dated: August _17th_, 2005         _____/s/_____
                                    ALAN KAY
                                    UNITED STATES MAGISTRATE JUDGE