

U.S. Department of Justice

Kenneth L. Wainstein
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

August 12, 2005

**FILED**
SEP 1 3 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Cary Clennon, Esq.
905 Varnum Street, N.E.
Washington, D.C. 20017

Re: <u>United States v. Nora Davtyan</u>, Criminal No. 05-266-02 (ESH)

Dear Mr. Clennon:

This letter sets forth the plea agreement this Office is willing to enter into with your client, Nora Davtyan (the "defendant" or "your client"). As we have told you, this offer is "wired" to an offer to be extended to your client's codefendant Gayane Davtyan; that is, the government will only enter into this agreement upon that codefendant's acceptance of the terms and conditions of the separate plea agreement extended to her. In addition, this plea agreement is open only until the status hearing presently scheduled before Judge Huvelle on August 30, 2005. If your client accepts the terms and conditions of this offer, please so advise us in time to have that status hearing converted to a plea proceeding, and to provide the plea papers to Court before that date. In addition, please have your client execute this document by initialing each page and signing it. Upon our receipt of the executed document, this letter will become the plea agreement. The terms of the agreement are as follows:

1. **Charges**. Your client agrees to plead guilty to Count One of the Indictment pending against her in the United States District Court for the District of Columbia, which count charges her with Conspiracy to Defraud the United States and to Commit Bribery and Visa Fraud, in violation of 18 U.S.C. § 371.

2. **Potential penalties and assessments**. Your client understands that the charge to which she is pleading guilty carries the potential penalties of not more than 5 years of imprisonment, a $250,000 fine, and 3 years of supervised release, pursuant to 18 U.S.C. §§ 371, 3571(b)(3), and 3583. In addition, your client agrees to pay a special assessment of $100 per count to the Clerk of the United States District Court before the date of sentencing. 18 U.S.C. § 3013. Your client understands that the sentence in this case will be determined by the Court, guided by the factors listed in 18 U.S.C. §3553(a) and after consulting with and taking into account the United States Sentencing Guidelines (U.S.S.G.).

_ND_ ND
_CC_ CC

3. **Dismissal of Remaining charges**. If the defendant fulfills all obligations under this plea agreement, then in exchange for the defendant's guilty plea, as described in paragraph 1 above, the government agrees that at the time of sentencing it will dismiss Counts Two through Eight of the pending Indictment against her.

4. **Release/Detention Pending Sentencing.** Your client agrees not to seek her release and not to object to the government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, she be detained without bond pending sentencing.

5. **Waiver of Constitutional and Statutory rights**. Your client understands that by pleading guilty in this case she agrees to waive certain rights afforded by the Constitution of the United States and/or by statute, including the right to plead not guilty and the right to a jury trial. At trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against her, to compel witnesses to appear for the purpose of testifying and presenting other evidence on your client's behalf, and to choose whether to testify herself. If your client chose not to testify at a jury trial, she would have the right to have the jury instructed that her failure to testify could not be held against her. Your client would further have the right to have the jury instructed that she is presumed innocent until proven guilty, and that the burden would be on the United States to prove her guilt beyond a reasonable doubt. If your client were found guilty after a trial, she would have the right to appeal the conviction.

Your client understands that the Fifth Amendment to the Constitution of the United States protects her from the use of self-incriminating statements in a criminal prosecution. By entering this plea of guilty, your client knowingly and voluntarily waives or gives up this right against self-incrimination.

6. **Sentencing**. Your client and this Office agree that a sentence within the sentencing range determined pursuant to the United States Sentencing Guidelines would be a reasonable sentence for him in this case. Specifically, the parties agree that the following Guidelines calculations apply in this case:

The parties agree that the pre-November 1, 2004, Sentencing Guidelines apply to Count One, because although the charged conduct extended into 2005, the calculation under the 2004 Guidelines is more favorable to her. The Guideline applicable to Count One – Conspiracy – is that applicable to the highest of the underlying offenses; in this case, that offense would be Bribery and the applicable Guidelines is §2C1.1. Under the applicable Guidelines, the base offense level for bribery in this case is 10, pursuant to §2C1.1. This is increased by the following: 2 levels because the offense involved more than one bribe, pursuant to §2C1.1(b)(1); and an additional 8 levels because the official bribed occupied a high-level decision-making position vis á vis the official action sought to be procured or induced, pursuant to §2C1.1(b)(2)(B) (and because that specific offense characteristic results in a greater increase than does the applicable

(Rev.)

2


_ND_ ND
_CC_ CC

increase of 6 for value of the payments, which was at least $30,000, pursuant to §2C1.1(b)(2)(A) and §2B1.1(b)(1)(D)). Accordingly, the parties agree that the defendant's adjusted offense level for Count One is **20**.

The parties also agree that, other than a 3-level reduction pursuant to §3E1.1, as outlined below, no other enhancements or reductions in the Guidelines calculation are applicable to your client, and none will be sought by either party.

If your client continues to clearly demonstrate her acceptance of responsibility for her criminal conduct, commits no other criminal acts, and otherwise complies with the terms and conditions of this agreement, then the United States will not oppose a 2-level reduction of the defendant's offense level pursuant to §3E1.1(a) (Acceptance of Responsibility), and will, in addition, file a motion with the Court for an additional 1-level reduction pursuant to §3E1.1(b), which will decrease your client's final adjusted offense level to **17**. If those conditions are satisfied, then the United States and the defendant agree not to seek a sentence outside the Guideline range applicable to defendant based upon Offense Level 17 and the applicable Criminal History Category, which the parties believe to be Category I.

Your client fully and completely understands that the final determination of her sentence will be made by the Court, which must consult with and take into account the United States Sentencing Guidelines but is not bound by those Guidelines. Your client understands that the failure of the Court or the Probation Office to determine the guideline range in accordance with the above calculations will not void this plea agreement or serve as a basis for withdrawal of this plea. Your client understands and agrees that she will not be allowed to withdraw the guilty plea entered pursuant to this plea agreement solely because of the harshness of any sentence recommended by the Probation Office or imposed by the Court, and that a motion to withdraw the plea on that basis may be treated by the United States as a breach of this plea agreement.

Finally, your client is aware that federal law, specifically 18 U.S.C. § 3742, affords her the right to appeal her sentence. The defendant is aware that the parties' calculation of the sentencing range under the Sentencing Guidelines is not a promise of the sentence to be imposed on her and is not binding on the Court. Knowing that, your client waives the right to appeal her sentence or the manner in which it was determined pursuant to 18 U.S.C. § 3742, except to the extent that the Court sentences the defendant to a period of imprisonment longer than the statutory maximum. Realizing the uncertainty in estimating what sentence the Court will ultimately impose, the defendant knowingly and willingly waives her right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the government in this agreement. In agreeing to this waiver, your client is aware that her sentence has not yet been determined by the Court. Further, the defendant reserves her right to make a collateral attack upon her sentence pursuant to 28 U.S.C. § 2255 if new and currently unavailable information becomes known to her.

7. **Reservation of allocution**. Your client understands that the United States reserves its

(Rev.)                                   3                              _ND_ ND
                                                                         _CC_ CC

full right of allocution for purposes of sentencing in the federal charge. The United States reserves the right to describe fully, both orally and in writing, to the sentencing judge the nature and seriousness of your client's misconduct, including misconduct not described in the charge to which your client is pleading guilty. The United States also reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this plea agreement.

Your client also understands that the United States retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding before the Bureau of Prisons. The United States reserves the right to appeal the sentence in this case.

The government and your client agree, in accordance with U.S.S.G. §1B1.8, that the government will be free to use against your client for any purpose at the sentencing in this case any self-incriminating information provided by your client pursuant to this agreement.

8. **Deportation**. Your client also agrees that the Court may enter a stipulated judicial order of removal, pursuant to 8 U.S.C. § 1228(c). Your client specifically waives her right to notice and a hearing under the Immigration and Nationality Act and stipulates to the entry of a judicial order of removal from the United States as a condition of the plea agreement and as a condition of probation or supervised release. The defendant further understands and agrees that the filing of any applications for relief from removal, deportation, or exclusion, either written or oral, or the prosecution of any pending applications, before any federal court, the Board of Immigration Appeals, an immigration judge, or the United States Department of Homeland Security's Immigration and Customs Enforcement, shall breach this plea agreement.

9. **Interpreter Services**. Your client agrees that if an interpreter is required to assist your client in translating this plea agreement into your client's native language, then your client agrees to request the Court, pursuant to 28 U.S.C. §1827, "The Court Interpreter's Act", to secure the services of a certified interpreter at Court expense to verbally translate the plea agreement for your client into your client's native language. Your client agrees that it is unnecessary for the plea document to be re-written into her native language.

10. **Breach of agreement**. Your client understands and agrees that if she fails specifically to perform or to fulfill completely each and every one of her obligations under this plea agreement, or commits any further crimes, then she will have breached this plea agreement. In the event of such a breach, (a) the United States will be free from its obligations under the agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes which she has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against your client, directly and indirectly, in any criminal or civil proceeding all

4

_ND_ ND
_CC_ CC

statements made by her and any of the information or materials provided by her, including such statements, information and materials provided pursuant to this agreement or during the course of any debriefings conducted in anticipation of, or after entry of this agreement, including your client's statements made during proceedings before the Court pursuant to Federal Rule of Criminal Procedure (Fed. R. Crim. P.) 11.

Your client acknowledges discussing with you Fed. R. Crim. P. 11(f) and Federal Rule of Evidence (FRE) 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if the guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules. As a result of this waiver, your client understands and agrees that any statements which are made in the course of her guilty plea will be admissible against her for any purpose in any criminal or civil proceeding if she breaches this plea agreement or her guilty plea is subsequently withdrawn. Moreover, in the event your client's guilty plea is withdrawn, she agrees that the United States will be free to use against her in any criminal or civil proceeding any statements made during the course of any debriefing conducted in this case, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

Your client understands and agrees that the United States shall only be required to prove a breach of this plea agreement by a preponderance of the evidence. Your client further understands and agrees that the United States need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this plea agreement.

Nothing in this agreement shall be construed to permit your client to commit perjury, make false statements or declarations, or obstruct justice, or to protect your client from prosecution for any crimes not included within this agreement or committed by her after the execution of this agreement. Your client understands and agrees that the United States reserves the right to prosecute her for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to her obligations under this agreement shall constitute a breach of this agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

11. **Prosecution by Other Agencies/Jurisdictions**. This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury; United States Immigration and Customs Enforcement; or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions.

5

_ND
_CC

12. **No Other Agreements**. No other agreements, promises, understandings, or representations have been made by the parties other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, your client's counsel, and an Assistant United States Attorney for the District of Columbia, or made by the parties on the record before the Court.

If your client agrees to the conditions set forth in this letter, both she and you should initial each page and sign the original in the spaces provided and return the executed plea agreement to us. The original of this plea agreement will be filed with the Court.

Sincerely,

*Kenneth L. Wainstein*
KENNETH L. WAINSTEIN
United States Attorney

*Laura A. Ingersoll*
Laura A. Ingersoll
Assistant United States Attorney

*Brenda J. Johnson by [initials]*
Brenda J. Johnson
Assistant United States Attorney

ND
CC

## Defendant's Acceptance

I have read this plea agreement and carefully reviewed every part of it with my attorney. I am fully satisfied with the legal services provided by my attorney in connection with this plea agreement and all matters relating to it. I fully understand this plea agreement and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this plea agreement fully. No agreements, promises, understandings, or representations have been made with, to, or for me other than those set forth above. I am pleading guilty to the offense of conspiracy to commit bribery and visa fraud, and to defraud the United States, because I am guilty of that crime.

9/13/05
Date

Nora Davtyan
Defendant

## Defense Counsel's Acknowledgment

I am Nora Davtyan's attorney. I have reviewed every part of this plea agreement with him. It accurately and completely sets forth the entire agreement between defendant and the Office of the United States Attorney for the District of Columbia.

9/13/05
Date

Cary Clennon, Esquire
Counsel for Ms. Davtyan