HONORABLE ELLEN SEGAL HUVELLE, UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

UNITED STATES OF AMERICA : Docket No.: <u>CR-05-266-02</u>

vs. : SSN: **None**

DAVTYAN, Nora : Disclosure Date: <u>October 28, 2005</u>

DEC 0 9 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## RECEIPT AND ACKNOWLEDGMENT OF PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:

**For the Government**
(CHECK APPROPRIATE BOX)

( ) There are no material/factual inaccuracies therein.
( ) There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_____    _____
**Prosecuting Attorney**                                Date

**For the Defendant**
(CHECK APPROPRIATE BOX)

( ) There are no material/factual inaccuracies therein.
(X) There are material/factual inaccuracies in the PSI report as set forth in the attachment.

_____ 7/11/05    _____ 11/07/05
**Defendant**      Date      **Defense Counsel**      Date

### NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32.2, those executing this form shall first submit any material inaccuracies or disputes in writing by **November 11, 2005**, to U.S. Probation Officer **Kathie McGill**, telephone number (202) 565-1421, fax number (202) 273-0242.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

**FOR THE COURT**

By: Richard A. Houck, Jr., Chief
    United States Probation Officer

HONORABLE ELLEN SEGAL HUVELLE, UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : Docket No.: <u>CR-05-266-02</u> |
| vs. | : SSN: <u>None</u> |
| DAVTYAN, Nora | : Disclosure Date: <u>October 28, 2005</u> |

### RECEIPT AND ACKNOWLEDGMENT OF PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:

**For the Government**

(CHECK APPROPRIATE BOX)

( )   There are no material/factual inaccuracies therein.
( )   There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_____                      _____
**Prosecuting Attorney**                                                                    Date

**For the Defendant**

(CHECK APPROPRIATE BOX)

( )   There are no material/factual inaccuracies therein.
(X)   There are material/factual inaccuracies in the PSI report as set forth in the attachment.

_____  7/11/05            _____  11/07/05
**Defendant**                    Date                         **Defense Counsel**              Date

### NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32.2, those executing this form shall first submit any material inaccuracies or disputes in writing by **November 11, 2005**, to U.S. Probation Officer **Kathie McGill**, telephone number **(202) 565-1421**, fax number **(202) 273-0242**.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

**FOR THE COURT**

By:    Richard A. Houck, Jr., Chief
       United States Probation Officer

**CARY CLENNON, Esq.**
Attorney

905 Varnum Street, N.E.
Washington, D.C. 20017
(202) 269-0969

November 9, 2005

Ms. Kathie McGill
United States Probation Officer
United States District Court
333 Constitution Ave., N.W.
Washington, D.C. 20001

RE: Presentence Investigation Report
<u>United States v. Nora Davtyan</u>, CR 05-266-02 (ESH)

Dear Ms. McGill:

Having reviewed the report in this case with my client I would like to offer the following suggested corrections or clarifications to certain aspects of the report. No doubt both of our objectives have been somewhat frustrated by third-party translations in Ms. Davtyan's second language. I have organized my suggestions according to page and paragraph number:

P. 2, line 7: Sex (gender) should be female.

P. 5, ¶ 11: In the final three lines, it is more accurate to characterize this as Piotr Parlej's scheme, to which Nora Davtyan agreed to participate in exchange for the issuance of her visa.

P. 5, ¶ 14: Of the $11,000 paid to Nora Davtyan, $9,000 was wired to Natalya Balayan. Nora Davtyan received less than $2,000 after wire transfer expenses were paid. Although this contradicts the factual proffer agreed to by counsel and the defendant at the time of the plea, it is corroborated by the government's evidence regarding wire transfer receipts, dates and amounts. Counsel was remiss in failing to note that earlier.

P. 6, ¶ 18: The wire transfer evidence corroborates that Nora Davtyan wired all but $1,000 less expenses; $14,000.00 was wired to Natalya Balayan, $10,000 on January 13, 2005 and $4,000

U.S.P.O. Kathie McGill
November 10, 2005
Page Two

on January 15, 2005. After wiring expenses Nora Davtyan received only $720.

    P. 8, ¶ 39: Ms. Davtyan's father was a driver, then a chauffeur before working at a gas station.

    P. 10, ¶ 46: In 1988 a hemorrhoidal cyst was surgically removed. The two medicines were prescribed in 1995 for bronchial asthma. The sleeping medication (last line) created a bad reaction but did make her "ill."

    P. 10, ¶ 48: Her mothers's condition has been chronic for over thirty years.

    P. 11, ¶ 49: In the final line, the counseling relationship "helped to resolve problems." Adjustment is not an appropriate term in this context.

    P. 11, ¶ 50: The incident of sexual assault was not merely an attempted rape or fondling. Ms. Davtyan was raped, not by an "acquaintance" but by someone met earlier that afternoon. The term "not violated" was meant to convey that her vaginal virginity remained intact. She was assaulted anally and orally. She was physically overpowered and forced to submit to sexual assaults, but able to negotiate her way out of what was worst for her. In the vehicular accident, Ms. Davtyan suffered bruising an bloody cuts. The third incident involved her attempted suicide, when she walked in front of a large bus sometime in approximately 1993. She was rescued by a nearby pedestrian.

    P. 11, ¶ 54: Her training was in CPR, not first responder.

    P. 12, ¶ 60: The youth organization in question was Comsahmo, not Communist.

    If I can provide any further clarification please contact me. Thank you.

                                    Sincerely,

                                    Cary Clennon

cc: AUSAs Ingersoll & Johnson

# Fax

**To:**    Kathie McGill

**Of:**    United States Probation Office

**Fax:**   (202) 273-0242

**Phone:** (202) 565-1421

**Pages:** 4, including this cover sheet.

**Date:**  November 10, 2005


Def't PSR responses




CONTENTS OF THIS TRANSMISSION ARE CONFIDENTIAL AND INTENDED ONLY FOR THE NAMED ADDRESSEE. IF YOU HAVE RECEIVED THIS FACSIMILE TRANSMISSION IN ERROR PLEASE CONTACT SENDER AT ONCE. THANK YOU.


From the desk of...
Cary Clennon, Esq.
P.O. Box 29302
Washington, 20017-0302
(202) 269-0969
Fax: (202) 269-0969