

**U.S. Department of Justice**

Kenneth L. Wainstein
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

December 7, 2005

**FILED**

DEC 0 9 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Cary Clennon, Esq.
905 Varnum Street, N.E.
Washington, D.C. 20017

Amended

Re: <u>United States v. Nora Davtyan</u>, Criminal No. 05-266-02 (ESH)

Dear Mr. Clennon:

    This letter sets forth an Amendment to the written plea agreement that this Office previously entered into with your client, Nora Davtyan, and pursuant to which she entered a plea of guilty on September 13, 2005. Such an Amendment is specifically contemplated by the plea agreement at Section 12 (<u>No Other Agreements</u> "unless committed to writing and signed by your client, your client's counsel, and an Assistant United States Attorney for the District of Columbia"). The additional provision of the plea agreement is as follows:

    The parties agree that the plea agreement between the parties – presented to the Court, for its approval, at the time of entry of the defendant's plea on September 13, 2005 – shall be pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. Accordingly, if at the time of sentencing the Court accepts the plea agreement, the specific sentence agreed upon by the parties, and the defendant's guilty plea itself, then the Court will impose sentence and enter a judgment and conviction as provided for in the plea agreement at Section 6 (<u>Sentencing</u>) – that is, a sentence at level 17 (24-30 months).

    The parties understand, however, that the Court may not agree that the above agreed-upon sentence is an appropriate one and may reject the plea agreement pursuant to Fed. R. Crim. P. 11(c)(5). Your client understands that if this happens, the Court, in accordance with the requirements of Rule 11(c)(5), will inform the parties of its rejection of the plea agreement, and will afford your client an opportunity to withdraw the plea, or if your client persists in the guilty plea will inform your client that a final disposition may be less favorable to your client than that contemplated by this agreement.

_____ ND
_____ CC

Except for the foregoing terms specified in this Amendment, all provisions of the plea agreement remain in force.

If your client agrees to the conditions set forth in this letter, both she and you should initial each page and sign the original in the spaces provided and return the executed plea agreement to us. The original of this plea agreement will be filed with the Court.

Sincerely,

*Kenneth L. Wainstein /db*
KENNETH L. WAINSTEIN
United States Attorney

*Laura A. Ingersoll*
Laura A. Ingersoll
Assistant United States Attorney

*Brenda J. Johnson*
Brenda J. Johnson
Assistant United States Attorney

### Defendant's Acceptance

I have read this plea agreement addendum and carefully reviewed it with my attorney. I am fully satisfied with the legal services provided by my attorney in connection with this plea agreement addendum and all matters relating to it. I fully understand this plea agreement addendum and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this plea agreement addendum fully. No agreements, promises, understandings, or representations have been made with, to, or for me other than those set forth in this plea agreement addendum and the plea agreement itself.

_12/9/05_
Date

_[signature]_
Nora Davtyan
Defendant

### Defense Counsel's Acknowledgment

I am Nora Davtyan's attorney. I have reviewed every part of this plea agreement addendum with her. It accurately and completely sets forth the entire addendum to the plea agreement between defendant and the Office of the United States Attorney for the District of Columbia.

_12/9/05_
Date

_[signature]_
Cary Clennon, Esquire
Counsel for Ms. Davtyan